Arthur VANMOOR (formerly known
as Arthur Vanmoerkerken),
Plaintiff–Appellant,

v.

WAL–MART STORES,
INC., Defendant,

and

Builder's Square, Inc., Defendant–
Appellee,

and

Home Depot USA, Inc. (doing business
as Home Depot) and Red Devil,
Inc., Defendants–Appellees,

and

Sonoco Products Company,
Defendant–Appellee,

and

Federal Packaging Corporation,
Defendant–Appellee,

and

The Glidden Company, Defendant–
Appellee.

Nos. 99–1190, 99–1256.

United States Court of Appeals,
Federal Circuit.

Jan. 10, 2000.

Rehearing Denied March 7, 2000.

**1364**

Jack E. Dominik, Dominik, Knechtel, Demeur & Samlan, of Miami Lakes, Florida, argued for plaintiff-appellant.

Blas P. Arroyo, Alston & Bird, of Charlotte, North Carolina, argued for defendants-appellees. On the brief were Philip J. Moy, Jr. and Steven M. Auvil, Fay, Sharpe, Beall, Fagan, Minnich & McKee, LLP, of Cleveland, Ohio; Andrew C. Aitken, Clifton E. McCann, and Ralph P. Albrecht, Lane, Aitken & McCann, of Washington, DC; Everett J. Bowman, Robinson, Bradshaw & Hinson, P.A., of Charlotte, North Carolina; and Jay B.

Shapiro, Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., of Miami, Florida. Of counsel was Shelley H. Leincke, Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Ford, P.A., of Fort Lauderdale, Florida.

Before MAYER, Chief Judge, ARCHER, Senior Circuit Judge, and RADER, Circuit Judge.

MAYER, Chief Judge.

Arthur Vanmoor appeals the judgment of the United States District Court for the Southern District of Florida, holding on summary judgment that United States Patent No. 5,582,331 is invalid under 35 U.S.C. § 102(b) and that Vanmoor's trade secrets had not been misappropriated. *Vanmoor v. Wal–Mart, Inc.*, Civ. Action No. 97–CIV–6907 (S.D.Fla. Dec. 15, 1998) (final judgment order).[1] Because we agree with the district court that Vanmoor has not raised a genuine issue as to any material fact and that Wal–Mart Stores, Inc. and its co-appellees are entitled to judgment as a matter of law, we affirm.

## Background

Vanmoor is the owner of U.S. Patent No. 5,582,331, entitled "Caulking Gun and Cartridge with Afterflow Prevention" ("'331 patent"). The '331 patent is directed to a construction for a cartridge used to dispense caulking compound. The claims of the '331 patent recite a cartridge comprising a tubular body having a forward end with a dispensing opening and a movable backwall (commonly known as a plunger) disposed within the tubular body. The backwall is defined as having a diameter chosen such that it moves backwardly away from the forward end of the tubular body when the pressure within the chamber bounded by the tubular body, forward end, and backwall is greater than the pressure outside the chamber. The '331 patent

---

1. After the district court granted summary judgment, Vanmoor moved for recusal based on a search warrant issued by the district judge against Vanmoor in a different case when he was a state judge. Because his motion was untimely and is without merit, we will not address it further.

issued on December 10, 1996, from an application filed on September 13, 1995.

Vanmoor initially filed a complaint in the district court on July 28, 1997 alleging that major home improvement retailers, Wal–Mart Stores, Inc., Builder's Square, Inc., and Home Depot U.S.A., Inc., together with Red Devil, Inc., a leading manufacturer of caulking products, were infringing the '331 patent. As the supplier of several of the accused products to Wal–Mart, the Glidden Company was permitted to intervene as an additional defendant. Each of the defendants (collectively "Wal–Mart") answered the complaint with a denial of all material allegations and interposed affirmative defenses that the '331 patent was invalid and unenforceable. Additionally, Wal–Mart asserted counterclaims, including a request for declaratory judgment that the '331 patent is invalid.

Vanmoor amended his complaint on April 22, 1998 to add two new defendants, Federal Packaging Corporation and Sonoco Products Company ("manufacturers"), the two major manufacturers in the United States of tubes and plungers used for caulking cartridges. Vanmoor added the manufacturers to the patent infringement claim and asserted a new trade secret misappropriation claim against them both. The manufacturers denied all material allegations and sought a declaratory judgment that the '331 patent is invalid.

Wal–Mart and the manufacturers jointly moved for summary judgment on both the patent infringement and trade secret misappropriation claims. They argued that the '331 patent is invalid as a matter of law because certain of the accused caulking cartridges were identical to cartridges manufactured, sold, and used prior to the critical date for the '331 patent. In addition, the manufacturers argued that they had received no disclosure of the alleged trade secrets before Vanmoor claimed those concepts had been incorporated into their products and that there was no change in the construction of the cartridges after they received the disclosure of Vanmoor's trade secrets. The motion

was supported by affidavits from two Sonoco employees and documentary evidence showing that the manufacturing specifications, component dimensions, and methods of operation of at least three of the accused cartridges were identical to those manufactured, used, and sold prior to the critical date. Vanmoor responded by asserting that Wal–Mart and the manufacturers failed to prove the prior sale and public use of the allegedly infringing products and submitted a single affidavit from a molds expert who stated that the actual products manufactured may have varied from the drawings.

The district court granted Wal–Mart's motion for summary judgment of invalidity, concluding that Vanmoor had not raised a genuine issue of material fact that the subject products were not on sale prior to the critical date and that the defendants had shown by clear and convincing evidence that they were for sale and in public use prior to the critical date. The district court also granted summary judgment that the manufacturers had not misappropriated Vanmoor's trade secrets based on Vanmoor's failure to present anything beyond conclusory allegations that the manufacturers had violated their confidentiality agreements with Vanmoor. This appeal followed.

## Discussion

The issue is whether the district court erred in granting Wal–Mart's and the manufacturers' motion for summary judgment of invalidity and non-misappropriation of trade secrets. We review a district court's grant of summary judgment de novo. *Petrolite Corp. v. Baker Hughes Inc.*, 96 F.3d 1423, 1425, 40 USPQ2d 1201, 1203 (Fed.Cir.1996) (citing *Meyers v. Asics Corp.*, 974 F.2d 1304, 1306, 24 USPQ2d 1036, 1037 (Fed.Cir.1992)). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* (citing *Transmatic, Inc. v. Gulton Indus., Inc.*, 53 F.3d

1270, 1274, 35 USPQ2d 1035, 1038 (Fed. Cir.1995)).

## On–Sale Bar

■ "The ultimate determination that a product was placed on sale under [35 U.S.C. § 102(b) (1994)] is a question of law, based on underlying facts." *Ferag AG v. Quipp Inc.*, 45 F.3d 1562, 1566, 33 USPQ2d 1512, 1514–15 (Fed.Cir.1995). Thus, this court reviews the ultimate determination without deference, but subsidiary fact findings, if there are any, for clear error. *See id.* The Supreme Court recently clarified that a claimed invention is considered to be on sale within the meaning of Section 102(b) if, more than one year before the filing date to which the claim is entitled (the critical date), two conditions are satisfied. First, the product must be the subject of a commercial offer for sale. *See Pfaff v. Wells Electronics, Inc.*, 525 U.S. 55, 67, 119 S.Ct. 304, 311, 142 L.Ed.2d 261 (1998). Second, the invention must be ready for patenting. *See id.*, 119 S.Ct. at 312. The ready for patenting requirement represented a departure from our previously articulated "totality of the circumstances" test. *See Weatherchem Corp. v. J.L. Clark, Inc.*, 163 F.3d 1326, 1333, 49 USPQ2d 1001, 1006 (Fed.Cir.1998) (citing pre-*Pfaff* cases). One way to satisfy this newly articulated requirement is by proof of reduction to practice. *See Pfaff*, 525 U.S. at 67, 119 S.Ct. at 312.

■ Wal–Mart and the manufacturers argue and the district court held that the '331 patent is invalid because Wal–Mart placed the accused caulking cartridges on sale prior to the critical date. Vanmoor makes no argument that the pre-critical date sales were for a non-commercial purpose. He does, however, argue that summary judgment was inappropriate because Wal–Mart and the manufacturers did not meet their burden of proving by clear and convincing evidence that the cartridges that were the subject of the pre-critical date sales anticipated the claims of the '331 patent. This appeal does not come to us as a "typical case where the patentee has placed some device on sale prior to the critical date and the accused infringer must demonstrate that this device actually embodied or rendered obvious the patented invention." *Evans Cooling Sys. Inc. v. General Motors Corp.*, 125 F.3d 1448, 1451, 44 USPQ2d 1037, 1039–40 (Fed.Cir.1997). As was the case in *Evans Cooling*, the entire basis of the patent infringement claim is Vanmoor's (the patentee's) contention that the accused cartridges infringe the '331 patent. *See id.* Wal–Mart and the manufacturers denied that the accused cartridges infringe but have, "by conceding infringement for purposes of the summary judgment motion and [their] on sale defense, properly pled in the alternative." *Id.* (citing Fed. R.Civ.P. 8(e) (1997)). Although Wal–Mart and the manufacturers bore the burden of proving that the cartridges that were the subject of the pre-critical date sales anticipated the '331 patent, that burden was satisfied by Vanmoor's allegation that the accused cartridges infringe the '331 patent. *See id.* (holding patent invalid under on-sale bar where accused product was offered for sale prior to the critical date of the patented invention).

■ Vanmoor also erroneously argues that the accused cartridges were not ready for patenting because no single piece of evidence presented at trial would enable a patent attorney to draft the '331 patent. This is not the test under *Pfaff*, which states that the ready for patenting "condition may be satisfied in at least two ways: by proof of reduction to practice before the critical date; or by proof that prior to the critical date the inventor had prepared drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention." 525 U.S. at 67–68, 119 S.Ct. at 312. Here the pre-critical date sales were of completed cartridges made to specifications that remain unchanged to the present day, showing that any invention embodied in the accused cartridges was reduced to practice before the critical

date. The *Pfaff* ready for patenting condition is also satisfied because the specification drawings, available prior to the critical date, were actually used to produce the accused cartridges. Because Wal–Mart and the manufacturers met their burden to prove both of the *Pfaff* conditions for application of the on-sale bar, we agree that the '331 patent is invalid under Section 102(b).

### Trade Secret Misappropriation

The manufacturers argue that they have not used or disclosed any information received from Vanmoor pursuant to confidentiality agreements they entered into with Vanmoor. Their argument is supported by documentary evidence that the confidentiality agreements were made in October and November 1994, and that the accused products have been manufactured to specifications that have remained unchanged since before October 1994. Vanmoor has proffered no evidence in support of his conclusory allegations of trade secret misappropriation and has thus failed to establish a genuine issue of material fact. The manufacturers are therefore entitled to judgment as a matter of law on the trade secret misappropriation claim.

### *Conclusion*

Accordingly, the judgment of the United States District Court for the Southern District of Florida is affirmed.

*AFFIRMED*