**HOCKERSON–HALBERSTADT, INC., Plaintiff–Appellant,**

v.

**REEBOK INTERNATIONAL, LTD., Defendant–Appellee.**

No. 00–1367.

United States Court of Appeals, Federal Circuit.

April 25, 2001.

Rehearing Denied May 18, 2001.

Before MAYER, Chief Judge, GAJARSA and DYK, Circuit Judges.

PER CURIAM.

Hockerson–Halberstadt, Inc. ("HHI") seeks review of the judgment of the United States District Court for the Northern District of California (1) dismissing HHI's claim that Reebok International Ltd. ("Reebok") was liable under an alter ego theory for Avia Group International's ("Avia") infringement of U.S. Patent No. 4,259,792 ("'792 patent") directed to an "article of outer footwear;" (2) granting summary judgment to Reebok that HHI had violated a settlement agreement by bringing its alter ego claim; and (3) awarding Reebok its attorney fees and costs as damages for the breach of the settlement agreement. *Hockerson–Halberstadt, Inc. v. Reebok International Ltd.*, No. C–98–1685–DLJ (N.D.Cal. Apr. 6, 2000) (Judgment). Because the district court erroneously interpreted HHI's claim for alter ego liability as a claim for patent infringement against Reebok, we *reverse* the judgment and *remand* the case for further proceedings in accordance with this opinion.

The question of whether a Rule 12(b)(6) motion to dismiss for failure to state a claim was properly granted is a purely procedural question not pertaining to patent law, to which this court applies the law of the regional circuit, in this case the Ninth Circuit. *C & F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306, 55 USPQ2d 1865, 1872 (Fed.Cir.2000)(citing *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359, 50 USPQ2d 1672, 1675 (Fed.Cir.1999) (en banc in relevant part)). The Ninth Circuit reviews a dismissal for failure to state a claim upon which relief can be granted *de novo. See, e.g., Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir.1989). We must accept material allegations in the complaint as true and construe them in the light most favorable to the appellant, HHI. *Id.* We may affirm the district court's dismissal " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

In 1995, HHI sued Avia, then a wholly owned subsidiary of Reebok, for infringement of the '792 patent. *Hockerson–Halberstadt, Inc. v. Avia Group Int'l, Inc.*, 222 F.3d 951, 952, 55 USPQ2d 1487, 1488 (Fed. Cir.2000) (*HHI v. Avia* ). The action was stayed pending reexamination of the '792 patent. During the stay, Avia and Reebok entered into an asset purchase agreement with American Sporting Goods Corporation (ASG) in which ASG purchased from Reebok certain assets and assumed certain liabilities relating to shoes then manufactured by Avia. Following the sale, a portion of the proceeds was transferred from Avia to Reebok in partial payment of an intercompany loan. In 1997, the PTO issued a reexamination certificate finding the '792 patent valid with minor amendments, and the stay was lifted. In 1998,

HHI brought the present suit against Reebok claiming that Reebok is liable for the acts of infringement of the '792 patent by Reebok's wholly owned subsidiary, Avia, as well as for fraudulent transfer and civil conspiracy in relation to Reebok's sale of Avia's assets to ASG in 1996. Reebok counterclaimed that HHI had violated the terms of a settlement agreement that the parties had entered into to resolve a prior suit, *Hockerson–Halberstadt, Inc. v. Nike, Inc., et al.*, Civil Action No. 91–3939 (E.D.La.1991), brought by HHI against Reebok and several other shoe manufacturers.

Ultimately, the district court construed the claims of the '792 patent and HHI's patent infringement claim was dismissed with prejudice in a stipulated order designed to permit the immediate appeal of the claim construction. In the dismissal order, HHI stipulated that Avia's shoes did not infringe the '792 patent under the district court's claim construction, and that HHI would not prosecute the case against Avia further if its appeal from that entry of judgment should result in an affirmance of the district court's claim construction. We upheld the district court's claim construction. *HHI v. Avia*, 222 F.3d at 957–58, 55 USPQ2d at 1492.

Reebok argues that HHI's alter ego claim is moot because our opinion upholding the district court's claim construction, together with HHI's stipulation of noninfringement, preclude any direct recovery against Avia for infringement of the '792 patent, and therefore foreclose recovery from Reebok on an alter ego theory. HHI conceded in its briefs that its alter ego claim against Reebok necessarily now would fail because our decision in *HHI v. Avia* would preclude a finding of patent infringement by Avia.

The question presented by the motion to dismiss is not whether HHI would prevail in the action, but whether it would be entitled to offer evidence in support of the claim, assuming HHI's allegations to be true and drawing all reasonable inferences in its favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). HHI's complaint clearly alleged that Reebok should be held liable, not for its own infringement, but for the infringement of its subsidiary and alleged alter ego, Avia. Because the settlement agreement between HHI and Reebok carved out infringement by Avia from the release of liability, and the suit against Avia had already been filed when the agreement was reached, it is clear that HHI did not intend to bargain away its claims against Avia. At the time the motion to dismiss was granted, the district court improperly interpreted the claim for alter ego liability as a claim for patent infringement against Reebok.

"We review a district court's grant of summary judgment *de novo.*" *Vanmoor v. Wal–Mart Stores, Inc.*, 201 F.3d 1363, 1365, 53 USPQ2d 1377, 1378 (Fed.Cir. 2000) (citing *Petrolite Corp. v. Baker Hughes, Inc.*, 96 F.3d 1423, 1425, 40 USPQ2d 1201, 1203 (Fed.Cir.1996)). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.* Summary judgment is improper "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, all of the nonmovant's evidence is to be credited, and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.* at 255.

Our decision in *HHI v. Avia* does not affect the viability of Reebok's breach of contract counterclaim seeking damages for HHI's filing of the alter ego suit against Reebok. For the reasons that follow, we further hold that Reebok's counterclaim should have been dismissed. HHI's alter ego claim is distinct from a claim of patent infringement against Reebok and requires the proof of different elements. The settlement agreement releases Reebok from any liability for infringement and grants it a permanent license to the '792 patent; it provides no such protection to Avia. HHI does not seek to hold Reebok liable for infringing the '792 patent, but for its alleged actions in transferring assets out of Avia to make it a judgment-proof shell. The settlement agreement (signed in 1995) releases Reebok from any claims of infringement of the '792 patent "known or unknown, pending or potential, of any kind or nature existing from the beginning of the world to the date hereof, that are, were, or could have been the subject matter of the actions." The alter ego claim could not have been part of the actions being settled because Reebok's alleged fraudulent transfer of assets out of Avia did not occur until 1996. Accordingly, the grant of summary judgment was improvident.*

---

* Because the district court improperly granted summary judgment, we need not address the parties' arguments regarding the propriety of the amount of damages.