**MARKETEL INTERNATIONAL, INC., Plaintiff–Appellant,**

v.

**PRICELINE.COM, INC., Defendant–Appellee.**

No. 01–1279.

United States Court of Appeals, Federal Circuit.

April 25, 2002.

Rehearing Denied May 21, 2002.

Before MAYER, Chief Judge, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

Marketel International, Inc., ("Marketel") appeals the December 5, 2000, and the January 23, 2001, judgments of the United States District Court for the Northern District of California granting Priceline.com, Inc.'s, ("Priceline") motions for partial summary judgment. *Marketel Int'l Inc. v. Priceline.com, Inc.*, No. 99–CV–0161 CAL (N.D.Cal. December 5, 2000) (granting partial summary judgment), *amended by Marketel Int'l Inc. v. Priceline.com, Inc.*, 138 F.Supp.2d 1210 (N.D.Cal. 2001). Because the district court properly concluded that Marketel's (1) misappropriation of trade secrets claim was predicated upon expired nondisclosure agreements; (2) conversion claim was inapplicable to intangible property, *i.e.*, trade secrets; (3) unfair competition claim relied on an unsustainable misappropriation of trade secrets claim; and (4) correction of inventorship, under 35 U.S.C. § 256, of U.S. Patent No. 5,794,207 ('207 patent) to add Byron–Eric Martinez and William Perell is legally insufficient when supported only by alleged inventors' testimony without independent corroboration, we *affirm*.

We review a district court's grant of summary judgment *de novo*. *Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1358, 61 USPQ2d 1216, 1218 (Fed.Cir.2001). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.*, citing *Vanmoor v. Wal–Mart Stores, Inc.*, 201 F.3d 1363, 1365, 53 USPQ2d 1377, 1378 (Fed.Cir.2000). Summary judgment is improper "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, all of the nonmovant's evidence is to be credited, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.* at 255, 106 S.Ct. 2505. Additionally, we review the court's conclusions on state law issues under the applicable state law for matters that are not committed to our exclusive jurisdiction by statute. *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1338, 47 USPQ2d 1769, 1783 (Fed.Cir.1998). We therefore apply California law to Marketel's claims of misappropriation of trade secrets, conversion, unfair competition based on misappropriation of trade secrets, and unfair competition based on false advertising. We apply

Federal Circuit law to the correction of inventorship issue.

On appeal, Marketel challenges the district court's conclusion that the non-disclosure agreement's three-year period of enforceability bars its misappropriation of trade secrets claim. Specifically, it argues that a genuine issue of material fact exists with regard to Andre Jaeckle's alleged breach of his non-disclosure agreement and Jay Walker's alleged appropriation of its trade secrets.

California has adopted the Uniform Trade Secrets Act ("UTSA"), which creates a claim for damages and injunctive relief for the misappropriation of trade secrets or confidential information. *Glue–Fold, Inc. v. Slautterback Corp.*, 82 Cal. App.4th 1018, 1021, 98 Cal.Rptr.2d 661 (2000). A misappropriation cause of action accrues when the confidential relationship between the parties is initially breached. Cal. Civ.Code § 3426.6 (2001). Because California has not had occasion to discuss the relationship between non-disclosure agreements and implied duties of confidentiality, we look to the Ninth Circuit for guidance. *Union Pacific R.R. Co. v. Mower*, 219 F.3d 1069, 1076 (9th Cir.2000), holds that a written non-disclosure agreement supplants any implied duty of confidentiality that may have existed between the parties.

■ Jaeckle signed a four-year non-disclosure agreement in 1987, which by its terms expired in 1991. Marketel's proffered evidence established that the earliest date the relationship between the parties may have been breached was 1996, five years after the expiration of any non-disclosure agreement; therefore, Jaeckle's agreement was no longer enforceable. Marketel also contends that Walker was bound to confidentiality through an agency relationship with Jaeckle. This argument fails because Marketel neither executed a non-disclosure agreement with Walker nor presented any evidence of acts or declarations giving rise to the alleged agency relationship with Jaeckel.

■ Marketel further argues that its misappropriation claim is not barred by the expiration of the non-disclosure agreement because Jaeckle and Walker had a duty of infinite duration not to disclose information for any purpose other than raising capital. Marketel's argument fails because the written non-disclosure agreement supplanted any implied duty of confidentiality that may have existed. *Union Pacific R.R. Co.*, 219 F.3d at 1076.

■ Marketel next argues that Priceline is liable for conversion of its trade secrets. To establish the tort of conversion, Marketel must show: (1) ownership or right to possession of the property at the time of the conversion; (2) Priceline's conversion by a wrongful act or disposition of the property; and (3) damages to Marketel proximately caused by Priceline. *Baldwin v. Marina City Properties, Inc.*, 79 Cal. App.3d 393, 410, 145 Cal.Rptr. 406 (1978). Under California law "there can be no conversion of the goodwill of a business, trade secrets, a newspaper route, or a laundry list of customers," 5 Alba Witkin, *Summary of California Law*, Torts § 613 (9th ed.2001), because "California does not treat trade secrets as if they were property." *Monolith Portland Midwest Co. v. Kaiser Aluminum & Chem. Corp.*, 407 F.2d 288, 293 (9th Cir.1969). Marketel failed to satisfy the property requirement of a conversion claim. Marketel also failed to proffer any evidence to substantiate the wrongful act or disposition of its property in the creation of Priceline.

■ Marketel next challenges the district court's conclusion that its unfair competition claim predicated upon misappropriation of trade secrets was not sus-

tainable. California law focuses on the relationship of trust and confidence between the trade secret holder and the party with whom that secret is shared. *Intermedics, Inc. v. Ventritex, Inc.*, 822 F.Supp. 634, 651 (N.D.Cal.1993) (citing *Monolith*, 407 F.2d at 293). The court properly concluded that Marketel could not sustain its misappropriation of trade secrets claim because there was no binding confidential relationship between the parties when the alleged violation occurred.

Finally, Marketel argues that the district court erred by not accepting the testimonial assertions of its witnesses and drawing all reasonable inferences in its favor when ruling on its correction of inventorship claim under 35 U.S.C. § 256. Section 256 authorizes judicial resolution of inventorship contests involving issued patents. *See MCV, Inc. v. King–Seeley Thermos Co.*, 870 F.2d 1568, 1570, 10 USPQ2d 1287, 1289 (Fed.Cir.1989). To show inventorship, "an inventor's testimony respecting the facts surrounding a claim of derivation or priority of invention cannot, standing alone, rise to the level of clear and convincing proof." *Price v. Symsek*, 988 F.2d 1187, 1194, 26 USPQ2d 1031, 1036 (Fed.Cir.1993). An alleged inventor must supply independent evidence, which may include circumstantial evidence, to corroborate the essential aspects of his testimony. *See Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371, 47 USPQ2d 1363, 1366 (Fed.Cir.1998); *Hahn v. Wong*, 892 F.2d 1028, 1032–33, 13 USPQ2d 1313, 1317 (Fed.Cir.1989). Whether the proffered evidence sufficiently corroborates the alleged inventor's testimony is evaluated under a "rule of reason" analysis. *Price*, 988 F.2d at 1195, 26 USPQ2d at 1037. Under this analysis, "[a]n evaluation of all pertinent evidence must be made so that a sound determination of the credibility of the [alleged] inventor's story may be reached." *Id.*

The only evidence supporting Marketel's claim that Martinez and Perell invented the claimed device of the '207 patent was their own testimony. *Marketel Int'l Inc.*, 138 F.Supp.2d 1210 (N.D.Cal. 2001). Because Marketel's proffer of independent evidence failed to corroborate essential aspects of the alleged inventors' testimony, the district court properly granted summary judgment on the correction of inventorship claim.