PROST, Circuit Judge,
dissenting-in-part.
I respectfully dissent on the narrow issue of indefiniteness discussed in Part V of the majority opinion in the case. I do not agree that the patent disclosure here clearly links the structure of the controller with the claimed function of “evaluating the integrity of the multiplexed subrate communications on the first ring and the second ring,” to the extent required by this court’s precedent.
The patent specification describes the invention as comprising nodes. Each node has a plurality of parts, including a controller and a selector. The disclosure states that “the node continuously monitors and evaluates the integrity of the multiplexed subrate signals arriving at the node.” U.S. Patent No. 4,835,763 (“'763 patent”) col.3 ll.4-17. The disclosure only associates the monitoring function with the node as a whole. At no point does the specification reveal that the structure within the node that performs the monitoring task is the circuitry of the controller.
Furthermore, the specification dedicates ample text to describing the function of the controller. The description explains that the controller inserts error signals when the node detects a fault in the ring. Id. Nowhere does the specification mention that the controller is also the part of the node that monitors and detects the faults when the multiplexed subrate signals arrive. Indeed, by attributing certain func *1380 tions to the node as a whole and other functions specifically to the controller, the disclosure implies that the node structure associated with the monitoring means is distinct from the controller structure associated with the insertion of error signals.
The majority holds that one of skill in the art would understand that the selector component is not capable of performing the monitoring function, and by process of elimination would deduce that the controller is the structural component of the node associated with the claimed function. Majority Op. at 1376-77. It is not enough, in my view, that a skilled artisan can follow the clues in the patent and solve the mystery of what structure must perform the claimed function. See Tech. Licensing Corp. v. Videotek, Inc., 545 F.3d 1316, 1338 (Fed.Cir.2008). Our precedent requires that the specification clearly link a particular structure with a claimed function. See Biomedino, LLC v. Waters Techs. Corp., 490 F.3d 946, 950 (Fed.Cir.2007); Tech. Licensing, 545 F.3d at 1338.
Accordingly, I would hold that the term “monitoring means” is indefinite under 35 U.S.C. § 112 for failing to disclose a structure associated with the claimed function, and thus hold the asserted claim of the '763 patent invalid.