NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES L. DRIESSEN, MARGUERITE A. DRIESSEN,**
*Plaintiffs-Appellants*

**v.**

**SONY MUSIC ENTERTAINMENT, AKA SONY BMG MUSIC ENTERTAINMENT, BEST BUY STORES, AKA BEST BUY COMPANY, FYE, AKA TRANS WORLD ENTERTAINMENT, TARGET CORPORATION,**
*Defendants-Appellees*

---

2015-2050

---

Appeal from the United States District Court for the District of Utah in No. 2:09-cv-00140-CW-BCW, Judge Clark Waddoups.

---

Decided: February 10, 2016

---

JAMES L. DRIESSEN, Lindon, UT, pro se.

MARGUERITE A. DRIESSEN, Lindon, UT, pro se.

JAMES CHARLES PISTORINO, Parrish Law Office, Menlo Park, CA, for defendants-appellees.

———————————

Before DYK, MAYER, and HUGHES, *Circuit Judges.*

PER CURIAM.

James L. Driessen is the named inventor on U.S. Patent Nos. 7,003,500 ("the '500 patent"), 7,636,695 ("the '695 patent"), and 7,742,993 ("the '993 patent"). Mr. Driessen and his wife, Marguerite A. Driessen,[1] (collectively "the Driessens") sued Sony Music Entertainment, Best Buy Stores, FYE, and Target (collectively "Sony"), alleging infringement of the '500, '695, and '993 patents in the United States District Court for the District of Utah. The district court granted Sony's motions for summary judgment, finding asserted claims 1–4 and 7 of the '500 patent invalid as indefinite, and asserted claims 10–15 of the '500 patent, all claims of the '695 patent, and all claims of the '993 patent invalid for lack of written description. The Driessens appeal. We <u>affirm</u>.

BACKGROUND

The '500, '695, and '993 patents all have virtually the same specification and relate to systems and methods of purchasing downloadable content from the Internet. Rather than purchasing the content directly through the Internet, the buyer goes to a retail store to pay for the item in person. At the retail store, the buyer obtains a ticket or other "physical medium" proof of sale containing a web address specific to the item sold and a unique password that will enable its download. *Driessen v. Sony*

———————————

[1] The basis for Marguerite Driessen's standing is not clear in the record.

*Music Entm't*, No. 2:09-CV-0140-CW, 2015 WL 1057845, at *2 (D. Utah Mar. 10, 2015) ("*D.C. Op.*"). The buyer can then anonymously download the media content from any computer with Internet access by going to the web address and inputting the unique password provided. The district court held claims 1–4 and 7 of the '500 patent invalid as indefinite, and claims 10–15 of the '500 patent and all asserted claims of the '695 and '993 patents invalid for lack of written description. *Id.* at *14. The Driessens appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We begin with the issue of indefiniteness. Indefiniteness is a question of law that we review de novo. *Teva Pharm. U.S.A., Inc. v. Sandoz, Inc.*, 789 F.3d 1335, 1341 (Fed. Cir. 2015). We review the ultimate construction of a claim and intrinsic evidence de novo. *Teva Pharm. U.S.A., Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). We review the grant of summary judgment de novo. *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1365 (Fed. Cir. 2000).

Claim 1 of the '500 patent, which contains several means-plus-function elements, provides,

> A payment system for itemized Internet merchandise or itemized downloadable media material objects, comprising:
>
> > a retail point of sale establishment;
> >
> > a customer access point at said retail point of sale establishment;
> >
> > URL information that is an Internet transaction location of said itemized Internet merchandise or itemized downloadable media material objects;

means for accepting payment through an in person transaction with a customer wherein said payment is designated for purchase of said itemized Internet merchandise or itemized downloadable media material objects;

means for storing and retrieving a record on or in a physical medium corresponding to said URL information that is an Internet transaction location of said itemized Internet merchandise or itemized downloadable media material objects;

means for transfer of said physical medium from said retail point of sale establishment to said customer; and

means for Internet transaction authorization on, in, or actuated from said physical medium wherein ownership rights in said itemized Internet merchandise or itemized downloadable media material objects are preselected and transferred to said customer through said transfer of said physical medium.

'500 patent col. 10 ll. 18–42 (emphasis added).

Primarily at issue in the case is the "means for storing and retrieving a record on or in a physical medium" limitation. *Id.* at ll. 30–31. Pursuant to 35 U.S.C. § 112(f),[2] the district court found that the function of that element is "storing and retrieving a record on or in a physical medium." *D.C. Op.*, at *6. The district court construed "storing" to mean "both putting into storage and holding in storage," "retrieving" to mean "taking out of storage for the purpose of presenting authentication to

---

[2]    Before the America Invents Act 35 U.S.C. § 112(f) was contained in § 112 paragraph 6.

prove purchase," "record" to mean a "unique URL corresponding to specific web merchandise or content," and "on or in a physical medium" to mean the location where "the record is stored and from where it may be retrieved." *Id.*

A means-plus-function claim is indefinite unless structure to perform the function is identified in the specification. *E.g.*, *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 296 F.3d 1106, 1113–14. The district court here rejected the Driessens' contention that Figure 5—which depicts an "Admit One" ticket and a floppy disk—provides the necessary structure to correspond with the above function. *D.C. Op.*, at \*7. The court explained that while Figure 5 perhaps discloses examples of "physical media," it does not disclose a structure that "stor[es] and retriev[es] a record on or in a physical medium." *Id.* (emphasis added). Because the specification failed to disclose any such associated structure for "storing" and "receiving" the record in a physical medium, the district court held that claim 1 and dependent claims 2–4 and 7 are invalid as indefinite.

The Driessens argue that the district court erred in construing "storing" in claim 1 of the '500 patent to require "both putting into storage and holding in storage," *D.C. Op.*, at \*6, contending that "storing" should be understood to require only holding in storage, not the additional preliminary step of getting there. The word "storing" itself implies both putting into and holding in storage. *See Store*, MERRIAM-WEBSTER DICTIONARY (2015) ("to put . . . in a place where it is available, where it can be kept safely, etc."). The Driessens point to no language in the claims or specification that would support their contrary construction. The Driessens' argument by analogy, that "store rooms, filing cabinets, cans, bottles, and similar devices" are properly understood as "storage" devices despite their inability to "put things into themselves," is inapposite. Claim terms must be construed in

light of the context in which they appear. *See, e.g.*, *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*, 334 F.3d 1294, 1299 (Fed. Cir. 2003). In the context of storing "a record on or in a physical medium," it is apparent that "store" implies not only maintaining the record in a physical medium, but also getting it there to begin with. Similarly, the Driessens' contention that "retrieving" should be construed to mean only "presenting" or "delivering" divorces the claim from its context, in violation of basic claim construction principles. *See id.* We see no error in the district court's claim construction.

The Driessens argue further that the necessary structures for performing a "means for storing and retrieving a record on or in physical medium," '500 patent col. 10 ll. 30–31, were known in the art, and therefore the claims are not indefinite. The district court properly rejected this argument. We have explained that "[t]he inquiry is whether one of skill in the art would understand the specification itself to disclose a structure, not simply whether that person would be capable of implementing a structure. Accordingly, a bare statement that known techniques or methods can be used does not disclose structure." *Biomedino, LLC v. Waters Tech. Corp.*, 490 F.3d 946, 953 (Fed. Cir. 2007) (citations omitted). Nothing in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014), is to the contrary. There is no support in the specification that the Driessens' proposed additional structures—ink, bar codes, magnetic strips and disks, scratch off materials, and silica memory—perform the storing function. Nor does a general purpose computer provide sufficient structure for "storing and retrieving a record on or in a physical medium." *See, e.g.*, *Noah Sys., Inv. v. Intuit Inc.*, 675 F.3d 1302, 1312 (Fed. Cir. 2012). We see no error in the district court's conclusion that claims 1–4 and 7 of the '500 patent are invalid as indefinite.

We next consider the issue of written description. We review a district court's grant of summary judgment of invalidity for lack of written description de novo. *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1376 (Fed. Cir. 2009). Claim 10 of the '500 patent provides,

> A method of merchandise transfer on a computer network comprising at least one buyer computer on a network for operation by a user desiring to buy at least one product and at least one selling computer on said network operating for a purpose to sell said product, the method comprising the steps of: . . .
>
>> sending a payment message as a response to said in person transaction either directly or through other computers on said network to said selling computer on said network;
>>
>> causing an authorization message to be created on said selling computer in or as a result of said payment message that comprises at least said specification of said product and authentication based on cryptographic key(s), said selling computer being programmed to receive said authorization message for verification of said authentication; . . . .
>>
>> . . . .

*Id.* col. 11 l. 60–col. 12 l. 18 (emphasis added). The three terms "selling computer," "payment message," and "authorization message," which first appeared when Mr. Driessen added new claims by amendment more than four years after filing the original application that became the '500 patent, also appear in claims 11–15 of the '500 patent and all asserted claims of the '695 and '993 patents. The district court construed "selling computer" to mean "the seller-side computer or computer network comprised of

the computer/network of the web content dealer." *D.C. Op.*, at \*12. It construed "payment message" in accordance with both parties' proposed constructions to mean "an electronic message indicating that payment was received." *Id.* It construed "authorization message" in accordance with the Driessens' proposed construction to mean "an electronic message," explaining that no further definition is required because the context of "authorization message" is clear. *Id.* The district court then found that no written description for "selling computer," "payment message," or "authorization message" is provided anywhere in the specification or original application. The court rejected the Driessens' contention that the terms were implicitly present in the original application, finding that the discussion of "secure web transactions" and "public key infrastructure" did not necessarily provide for "payment messages" or "authorization messages," let alone require such messages to be sent to or from "selling computers." *Id.* at \*13. The court thus held that claims 10–15 of the '500 patent and all asserted claims of the '695 and '993 patents are invalid for lack of written description.

When, as here, a patent applicant adds new claims after the original filing date, "the new claims . . . must find support in the original specification." *TurboCare Div. of Demag Delaval Turbomachinery Corp. v. GE*, 264 F.3d 1111, 1118 (Fed. Cir. 2001). The terms "selling computer," "payment message," and "authorization message" are not present anywhere in the specification or original provisional application. The Driessens contend that because the words "payment," "message," "authorization," and "computer" appear individually numerous times in the specification, adequate written description for the terms "selling computer," "payment message," and "authorization message" is provided. This argument misunderstands the written description requirement. The mere

presence of these words in isolation does not suffice to show that the "patentee had possession of" the "selling computer," "payment message," and "authorization message" elements of the claimed invention at the time of the application, as 35 U.S.C. § 112(a) requires.[3] *LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005). Further, the district court properly concluded that "selling computer," "payment message," and "authorization message" are not implicitly present in the application's references to the distinct concepts of "secure web transactions" and "public key infrastructure." *D.C. Op.*, at *13.

We see no error in the district court's conclusion that claims 10–15 of the '500 patent and all asserted claims of the '695 and '993 patents are invalid for lack of written description.

We have considered the Driessens' remaining arguments and find them to be without merit.

**AFFIRMED**

Costs

Costs to Appellees.

---

[3]    Before the America Invents Act 35 U.S.C. § 112(a) was contained in § 112 paragraph 1.