# United States Court of Appeals for the Federal Circuit

---

(Serial No. 09/725,737)

**IN RE PETER JOSEPH GIACOMINI, WALTER MICHAEL PITIO, HECTOR FRANCISCO RODRIGUEZ, AND DONALD DAVID SCHUGARD**

---

2009-1400

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

Decided: July 7, 2010

---

JASON PAUL DEMONT, DeMont & Breyer, LLC, of Holmdel, New Jersey, argued for appellants. With him on the brief was ROBERT L. GREENBERG. Of counsel was JOSEPHINE A. PALTIN.

THOMAS L. STOLL, Associate Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, argued for the Director of the United States Patent and Trademark Office. With him on the brief were RAYMOND T. CHEN, Solicitor, and THOMAS W. KRAUSE, Associate Solicitor.

---

Before RADER*, *Chief Judge*, GAJARSA and DYK, *Circuit Judges*.

RADER, *Chief Judge*.

Peter Joseph Giacomini, Walter Michael Pitio, Hector Francisco Rodriguez, and Donald David Shugard (collectively, "Giacomini") appeal from a decision of the Board of Patent Appeals and Interferences ("Board") rejecting certain claims of U.S. Patent Application No. 09/725,737 as anticipated under 35 U.S.C. § 102. *Ex parte Giacomini*, No. 2009-0139 (B.P.A.I. Apr. 15, 2009). Giacomini argues that the anticipatory reference, U.S. Patent No. 7,039,683 ("the Tran patent"), does not qualify as prior art because Giacomini's filing date antedates the Tran patent's filing date. Because the Tran patent has a patent-defeating effect as of the filing date of the provisional application to which it claims priority and which was filed before Giacomini's application, this court affirms.

I.

Giacomini's application—"Method and Apparatus for Economical Cache Population"—was filed on November 29, 2000. The application claims a technique for selectively storing electronic data in a readily accessible memory called a "cache." When a system retrieves requested data from a source, it stores the data in its cache so that it can retrieve the data more quickly next time. Because the cache has a limited space, the system must selectively store data. Giacomini's technique populates the cache with data only when the system receives a certain number of requests for that data. Claim 1 is representative:

A method comprising:

---

\* Randall R. Rader assumed the position of Chief Judge on June 1, 2010.

> populating a cache with a resource only when at least $i$ requests for said resource have been received;
>
> wherein $i$ is an integer and is at least occasionally greater than one.

This cache does not normally include infrequently requested data because it "at least occasionally" stores data for which multiple requests have been made. Claims 1, 2, 8, 11, 12, 15, 22-24, 27, 28, 31, and 32 of Giacomini's application are at issue on appeal.

## II.

The Board rejected certain claims of Giacomini's application as anticipated under 35 U.S.C. § 102 by the Tran patent, and, in the alternative, by U.S. Patent No. 6,463,509 ("the Teoman patent").

The Tran patent—"Electronic Information Caching"—describes a caching technique based on an anticipated demand for data. Its "anticipating module" considers "past requests for access to the same or related electronic information by access requesters." Tran patent col.1 ll.49-52. Such "past requests for information may be measured by the frequency or volume of access requests." *Id.* col.3 ll.25-28. The Board found, and Giacomini does not dispute, that the Tran patent teaches all of the claimed features in Giacomini's application.

The central issue at the Board was the eligibility of the Tran patent to serve as prior art under 35 U.S.C. § 102(e). The Tran patent's filing date is December 29, 2000, exactly a month after Giacomini filed his application. However, the Tran patent claims priority to a provisional application ("the Tran provisional") filed on September 25, 2000, which antedates Giacomini's filing date. Therefore, the Board held that the Tran patent has

a patent-defeating effect as of the filing date of the Tran provisional.

Giacomini appeals the Board's decision that the Tran patent and the Teoman patent each anticipates his application. This court has jurisdiction under 28 U.S.C. § 1295(a)(4).

## III.

This court reviews the Board's legal conclusions, including statutory interpretation, without deference. *In re Swanson*, 540 F.3d 1368, 1374-75 (Fed. Cir. 2008). Anticipation is a question of fact. *In re Gleave*, 560 F.3d 1331, 1334-35 (Fed. Cir. 2009). This court reviews the Board's factual determinations for substantial evidence. *Id.*

## IV.

Section 102 governs the conditions of patentability. The statute, in pertinent part, states:

> [A] person shall be entitled to a patent unless . . . the invention was described in . . . (2) a patent granted on an *application for patent* by another filed in the United States before the invention by the applicant for patent . . . .

35 U.S.C. § 102(e)(2) (emphasis added). An application that a patent was "granted on" is the first U.S. application to disclose the invention claimed in the patent. *In re Klesper*, 397 F.2d 882, 885-86 (CCPA 1968). Title 35 further clarifies that "[t]he provisions of this title relating to applications for patent shall apply to provisional applications for patent, except as otherwise provided, and except . . . [in] sections 115, 131, 135, and 157 of this title." 35 U.S.C. § 111(b)(8). Under this encompassing rule, "applications for patent" under section 102 includes

both provisional and non-provisional patent applications. Therefore, an applicant is not entitled to a patent if another's patent discloses the same invention, which was carried forward from an earlier U.S. provisional application or U.S. non-provisional application.

As noted, Giacomini does not dispute that the Tran patent describes the invention claimed in Giacomini's application. Also, the Tran provisional, which antedates Giacomini's filing date, was the first U.S. application to describe the invention. The Board found that "[t]he Provisional Application No. 60/234,996, from which Tran claims priority under 35 U.S.C. § 119(e), discloses that '[a]nticipating requests for electronic information . . . is generally performed based on one ore [sic] more criteria, e.g., past requests for information.'" *Ex parte Giacomini*, No. 2009-0139, at *5. Section 119(e) treats a non-provisional application as though filed on the date of its corresponding provisional application. 35 U.S.C. § 119 (Benefit of earlier filing date; right of priority) recites:

> (e)(1) An *application for patent* filed under section 111(a) or section 363 of this title for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in a provisional application filed under section 111(b) of this title, by an inventor or inventors named in the provisional application, shall have the same effect, as to such invention, as though filed on the date of the provisional application filed under section 111(b) of this title, if the *application for patent* filed under section 111(a) or section 363 of this title is filed not later than 12 months after the date on which the provisional application was filed and if it contains or is amended to contain a specific reference to the provisional application . . . .

35 U.S.C. § 119(e)(1) (emphases added).

An important limitation is that the provisional application must provide written description support for the claimed invention. Because Giacomini never argued before the Board that the Tran provisional failed to provide written description support for the claimed subject matter in accordance with section 119(e), Giacomini waived the argument by failing to raise it below. *See In re Watts*, 354 F.3d 1362, 1368 (Fed. Cir. 2004) (declining to consider arguments that the applicant failed to contest before the Board); *In re Berger*, 279 F.3d 975, 984 (Fed. Cir. 2002) (same). Therefore, the Tran patent "shall have the same effect," including a patent-defeating effect, as to the claimed invention as though it was filed on the date of the Tran provisional. Accordingly, Giacomini, who filed his application after Tran filed his provisional application, cannot receive a patent covering the same subject matter under 35 U.S.C. § 102(e).

This conclusion is consistent with "[t]he fundamental rule . . . that the patentee must be the first inventor." *Alexander Milburn Co. v. Davis-Bournonville Co.*, 270 U.S. 390, 402 (1926). In *Milburn*, the Supreme Court held that a patent applied for before but not granted until after a second patent is sought bars the issuance of the second patent. *Id.* at 400-01. The rule stems from the principle that, subject to certain exceptions, "one really must be the first inventor in order to be entitled to a patent." *Id.* at 400. Although *Milburn* concerned a non-provisional application, a provisional application similarly shows that someone else was the first to invent. *See id.* at 400 ("[O]bviously one is not the first inventor if . . . somebody else has made a complete and adequate description of the thing claimed before the earliest moment to which the alleged inventor can carry his invention back."). The Tran provisional evinces that Tran, and not Giacomini,

was the first to invent the claimed subject matter. Allowing Giacomini's application would create an anomalous result where someone who was not the first to invent in the United States receives a patent.

Giacomini argues that 35 U.S.C. § 119(e) shifts a patent's priority date but not its effective reference date to the filing date of an earlier provisional application. In other words, Giacomini contends that although the Tran patent claims the benefit of priority to the Tran provisional, the Tran patent does not have a patent-defeating effect as of the Tran provisional's filing date.

Giacomini's distinction between priority date and effective reference date largely stems from *In re Hilmer*, 359 F.2d 859 (CCPA 1966). The issue in *Hilmer* was whether a U.S. patent, cited as a section 102(e) prior art reference, was effective as of its foreign filing date under section 119. *Id.* at 862. This court's predecessor rejected the Board's conclusion that "the foreign priority date of a U.S. patent is its effective date as a reference." *Id.* at 870. The court instead held that "Section 119 only deals with 'right of priority.' The section does not provide for the use of a U.S. patent as an anticipatory reference as of its foreign filing date." *Id.* at 862. Thus, *Hilmer* distinguished a patent's priority date under section 119 and effective reference date under section 102(e) in cases involving an earlier foreign application. Giacomini equates a U.S. provisional application to a foreign patent application to argue that the Tran provisional's filing date is not the Tran patent's effective date as a prior art reference.

But at the time this court's predecessor decided *Hilmer*, section 119 only governed the benefit of claiming priority to an earlier filing date in foreign countries. *Id.* at 862. Congress added section 119(e) along with the

enactment of provisional applications in 1994. *See* Uruguay Round Agreements Act, Pub. L. 103-465, 108 Stat. 4809 (1994). Therefore, broad language in *Hilmer* concerning section 119 is not applicable to provisional applications. Also, Giacomini misses an important distinction between *Hilmer* and the present case. *Hilmer* involved an earlier foreign application while the present case deals with an earlier U.S. provisional application. *See Klesper*, 397 F.2d at 885 (*Hilmer* clarified that "domestic and foreign filing dates stand on entirely different footings.").

Section 102(e) codified the "history of treating the disclosure of *a U.S. patent as prior art as of the filing date of the earliest U.S. application* to which the patent is entitled, provided the disclosure was contained in substance in the said earliest application." *Id.* (emphasis added). According to *Hilmer*, an earlier foreign application does not shift a corresponding patent's effective reference date because section 102(e) explicitly requires the earlier application to be "filed in the United States." *Hilmer*, 359 F.2d at 862 (quoting 35 U.S.C. § 102(e)). This court's predecessor warned that section 119 cannot be read with section 102(e) to modify the express domestic limitation. *Id.* In contrast, an earlier provisional application is an application "filed in the United States." 35 U.S.C. § 102(e). Treating a provisional application's filing date as both the patent's priority date and its effective reference date does not raise the alleged tension between sections 102(e) and 119. Given the "clear distinction between acts abroad and acts here," *Hilmer*, 359 F.2d at 879, Giacomini's reliance on *Hilmer* is misplaced. *Id.*

Accordingly, the Tran patent has a patent-defeating effect as of the filing date of the Tran provisional, or September 25, 2000. Giacomini did not file his application until months after Tran filed his provisional application. Giacomini is not the first to invent in the United

States and thus is not entitled to a patent. Because this court affirms the Board's finding of anticipation based on the Tran patent, this court will not review the Board's finding with respect to the Teoman patent.

V.

Because the Board correctly rejected Giacomini's application under 35 U.S.C. § 102(e) on the basis that the invention was described in a patent claiming priority to a U.S. provisional application filed before Giacomini's filing date, this court affirms.

**AFFIRMED**