# United States Court of Appeals for the Federal Circuit

———————————

**DYNAMIC DRINKWARE, LLC,**
*Appellant*

v.

**NATIONAL GRAPHICS, INC.,**
*Appellee*

———————————

2015-1214

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2013-00131.

———————————

Decided: September 4, 2015

———————————

MATTHEW R. MCCLEAN, Davis & Kuelthau, S.C., Milwaukee, WI, argued for appellant. Also represented by PATRICK M. BERGIN, JOSEPH S. HEINO.

MICHAEL T. GRIGGS, Boyle Fredrickson, S.C., Milwaukee, WI, argued for appellee. Also represented by JOHN PAUL FREDRICKSON, SARAH M. WONG.

———————————

Before LOURIE, BRYSON, and O'MALLEY, *Circuit Judges.*

LOURIE, *Circuit Judge*.

Dynamic Drinkware, LLC ("Dynamic") appeals from the decision of the United States Patent and Trademark Office ("PTO") Patent Trial and Appeal Board ("Board") in an *inter partes* review not to reject claims 1 and 12 of National Graphics, Inc.'s ("National Graphics") U.S. Patent 6,635,196 (the "'196 patent") as anticipated under 35 U.S.C. § 102(e) (2006).[1] *See Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, No. 2013-00131, 2014 WL 4628897 (P.T.A.B. Sept. 12, 2014) ("*Board Decision*"). Because Dynamic failed to carry its burden of proving unpatentability, we *affirm*.

BACKGROUND

National Graphics owns the '196 patent, which is directed to making molded plastic articles bearing a "lenticular" image. The '196 patent issued on October 21, 2003, from an application filed on November 22, 2000. The '196 patent claims the benefit of U.S. Provisional Application 60/211,112, filed on June 12, 2000.

Dynamic petitioned the PTO for *inter partes* review of the '196 patent. In its petition, Dynamic argued that claims 1, 8, 12, and 14 of the '196 patent were anticipated by U.S. Patent 7,153,555 ("Raymond"). The application for Raymond was filed on May 5, 2000, claiming the benefit of U.S. Provisional Application 60/182,490 (the "provisional application" or "Raymond provisional appli-

---

[1]    The relevant provision of § 102(e)(2) was reorganized into newly designated § 102(d)(2) when certain aspects of the Leahy–Smith America Invents Act ("AIA"), Pub. L. No. 112-29, took effect on March 16, 2013. Because the application for the patent at issue in this case was filed before that date, we refer to the pre-AIA version of § 102.

cation"), filed on February 15, 2000. The PTO granted the petition in part, and instituted trial on claims 1 and 12.

The Board concluded that Dynamic failed to prove by a preponderance of the evidence that claims 1 and 12 were anticipated under § 102(e)(2) by Raymond. *Board Decision* at 13. The Board first found that Dynamic failed to prove that the Raymond patent was entitled to the benefit of its earlier February 15, 2000 provisional filing date, and hence that it was a § 102(e) reference as of its provisional date. *Id.* at 3. According to the Board, "[t]o be entitled to rely on the February 15, 2000 provisional filing date, [Dynamic] had to establish that it relies on subject matter from Raymond that is present in and supported by its provisional." *Id.* (citing *In re Giacomini*, 612 F.3d 1380, 1383 (Fed. Cir. 2010); *Ex parte Yamaguchi*, 88 U.S.P.Q.2d 1606 (B.P.A.I. 2008)). The Board found that, rather than comparing "the portions of [Raymond] relied on by [Dynamic] to the Raymond provisional," Dynamic only compared claim 1 of the '196 patent to the Raymond provisional application. *Id.* at 4. As a result, the Board found that Dynamic "failed to carry its burden of proof that Raymond's effective date is earlier than May 5, 2000." *Id.* It is worth emphasizing that the relevance of the Raymond provisional application date here is not to give the Raymond patent any earlier priority over a competing application or patent, but to serve third party Dynamic's goal of creating earlier prior art against the '196 patent.

The Board then found that National Graphics reduced to practice its invention by March 28, 2000, before the May 5, 2000 filing date of the Raymond patent. *Id.* at 12. Thus, the Board concluded that Dynamic failed to demonstrate by a preponderance of the evidence that claims 1 and 12 of the '196 patent were anticipated by Raymond under § 102(e). *Id.* at 13.

Dynamic timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

DISCUSSION

We review the Board's legal determinations *de novo*, *In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004), and the Board's factual findings underlying those determinations for substantial evidence, *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). A finding is supported by substantial evidence if a reasonable mind might accept the evidence to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

For a patent to claim priority from the filing date of its provisional application, it must satisfy 35 U.S.C. § 119(e)(1) (2006), which provides that:

> An application for patent filed under section 111(a) or section 363 of this title for an invention *disclosed in the manner provided by the first paragraph of section 112* of this title in a provisional application filed under section 111(b) of this title, by an inventor or inventors named in the provisional application, *shall have the same effect, as to such invention, as though filed on the date of the provisional application* filed under section 111(b) of this title . . . .

(emphases added). "In other words, the specification of the *provisional* must 'contain a written description of the invention and the manner and process of making and using it, in such full, clear, concise, and exact terms,' 35 U.S.C. § 112 ¶ 1, to enable an ordinarily skilled artisan to practice the invention *claimed* in the *non-provisional* application." *New Railhead Mfg., L.L.C. v. Vermeer Mfg. Co.*, 298 F.3d 1290, 1294 (Fed. Cir. 2002) (emphases in original).

I

Dynamic argues that the Board erred in shifting the burden to Dynamic to prove that the Raymond patent was entitled to the filing date of its provisional application. According to Dynamic, as a presumptively valid prior art patent, Raymond's presumed effective date is its February 15, 2000 provisional application filing date. Dynamic contends that it made a prima facie showing that Raymond was thus prior art to the '196 patent under § 102(e) as of its provisional date, and, under *Giacomini*, the burden should have shifted to National Graphics to prove that Raymond was not entitled to the filing date of its provisional application.

In response, National Graphics argues that the Board properly placed the burden of proof on Dynamic to support its contention that the Raymond provisional application provided written description support for the claims of the Raymond patent. According to National Graphics, priority claims are not examined by the PTO as a matter of course, and consequently are not entitled to a presumption of adequate written description support in the provisional application.

We agree with National Graphics that the Board did not err in placing the burden on Dynamic, the petitioner in the *inter partes* review, to prove that the prior art Raymond patent was entitled to the filing date of its provisional application. As an initial matter, and to clarify the relative burdens, we begin with the established concept that there are two distinct burdens of proof: a burden of persuasion and a burden of production. *See Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1326–27 (Fed. Cir. 2008). The burden of persuasion "is the ultimate burden assigned to a party who must prove something to a specified degree of certainty," such as by a preponderance of the evidence or by clear and convincing evidence. *Id.* (citations omitted). In an *inter partes*

review, the burden of persuasion is on the petitioner to prove "unpatentability by a preponderance of the evidence," 35 U.S.C. § 316(e), and that burden never shifts to the patentee. "Failure to prove the matter as required by the applicable standard means that the party with the burden of persuasion loses on that point—thus, if the fact trier of the issue is left uncertain, the party with the burden loses." *Tech. Licensing*, 545 F.3d at 1327.

A second and distinct burden, the burden of production, or the burden of going forward with evidence, is a shifting burden, "the allocation of which depends on where in the process of trial the issue arises." *Id.* (citations omitted). The burden of production may entail "producing additional evidence and presenting persuasive argument based on new evidence or evidence already of record." *Id.*

These burdens are illustrated in *Technology Licensing*, where the patentee, TLC, sued Gennum for infringement, and Gennum argued that TLC's patent was anticipated by certain prior art. *Id.* At issue was whether the asserted patent was entitled to the benefit of the priority date of a related nonprovisional application. *Id.* TLC argued that the asserted claim was entitled under 35 U.S.C. § 120 to the benefit of the earlier filing date of its parent nonprovisional application. *Id.* Section 120, which has language similar to that found in § 119(e)(1), provides that a patent application for an "invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States . . . *shall have the same effect, as to such invention, as though filed on the date of the prior application . . . .*" (emphasis added).

Gennum, having the ultimate burden of proving its defense of invalidity based on anticipating prior art, also had the initial "burden of going forward with evidence that there is such anticipating prior art." *Tech. Licensing*,

545 F.3d at 1327.  In response, TLC then had "the burden of going forward with evidence either that the prior art does not actually anticipate, or, as [TLC] attempted in this case, that it is not prior art because the asserted claim is entitled to the benefit of a filing date prior to the alleged prior art." *Id.*  We noted that "[t]his requires TLC to show not only the existence of the earlier application, but why the written description in the earlier application supports the claim." *Id.*  We concluded that once "TLC's evidence and argument in support of the earlier filing date is . . . before the court, the burden of going forward again shifts to the proponent of the invalidity defense, Gennum, to convince the court that TLC is not entitled to the benefit of the earlier filing date." *Id.* at 1328.

The aforementioned shifting burdens and related priority claims under § 120 in district court litigation parallel the shifting burdens and related priority claims under § 119(e)(1) in *inter partes* reviews.  Although, as Dynamic notes, the patent in *Technology Licensing* was entitled to the presumption of validity under 35 U.S.C. § 282, the different evidentiary standard in an *inter partes* review does not alter the shifting burdens between the parties because § 316(e) also places the burden of persuasion on the petitioner to prove unpatentability.  *Compare* § 282 ("The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."), *with* § 316(e) ("In an inter partes review . . . , the petitioner shall have the burden of proving a proposition of unpatentability by a preponderance of the evidence.").

In this case, Dynamic, as the petitioner, had the burden of persuasion to prove unpatentability by a preponderance of the evidence, and this burden never shifted.  Dynamic also had the initial burden of production, and it satisfied that burden by arguing that Raymond anticipated the asserted claims of the '196 patent under § 102(e)(2).

The burden of production then shifted to National Graphics to argue or produce evidence that either Raymond does not actually anticipate, or, as was argued in this case, that Raymond is not prior art because the asserted claims in the '196 patent are entitled to the benefit of a filing date (constructive or otherwise) prior to the filing date of Raymond. National Graphics produced evidence that the invention claimed in the '196 patent was reduced to practice prior to the filing date of Raymond, and thus contended that the asserted claims were entitled to a date of invention prior to that of the Raymond patent.

As a result, the burden of production returned to Dynamic to prove that either the invention was not actually reduced to practice as argued, or that the Raymond prior art was entitled to the benefit of a filing date prior to the date of National Graphics' reduction to practice. As the Board found, however, Dynamic failed to carry its burden of proving that Raymond's effective date was earlier than the date that the invention claimed in the '196 patent was reduced to practice. The burden of production was on Dynamic to prove that, under § 119(e)(1), Raymond was entitled to the benefit of the filing date of its provisional application, and it failed to do that.

In contrast, Dynamic's proffered approach would create a presumption that a patent is entitled to the benefit of the filing date of its provisional precursor, but that would be unsound because the PTO does not examine provisional applications as a matter of course; such a presumption is therefore not justified. The PTO's Manual of Patent Examining Procedure ("MPEP"), which is "commonly relied upon as a guide to patent attorneys and patent examiners on procedural matters," *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1439 (Fed. Cir. 1984), explains this:

*If the filing date of the earlier provisional application is necessary, for example, in the case of an interference or to overcome a reference*, care must be taken to ensure that the disclosure filed as the provisional application adequately provides (1) a written description of the subject matter of the claim(s) at issue in the later filed nonprovisional application, and (2) an enabling disclosure to permit one of ordinary skill in the art to make and use the claimed invention in the later filed nonprovisional application without undue experimentation.

MPEP § 211.05(I)(A) (2014) (emphasis added). Thus, because the PTO does not examine priority claims unless necessary, the Board has no basis to presume that a reference patent is necessarily entitled to the filing date of its provisional application. *See, e.g.*, *PowerOasis, Inc. v. T-Mobile USA, Inc.*, 522 F.3d 1299, 1305 (Fed. Cir. 2008) ("When neither the PTO nor the Board has previously considered priority, there is simply no reason to presume that claims in a [continuation-in-part] application are entitled to the effective filing date of an earlier filed application. Since the PTO did not make a determination regarding priority, there is no finding for the district court to defer to.").

Indeed, Dynamic's reliance on *Giacomini* to argue for a presumption is misplaced. In *Giacomini*, the Board rejected certain claims of Giacomini's application as anticipated under 35 U.S.C. § 102(e) by the Tran patent. *Giacomini*, 612 F.3d at 1382. The Tran patent's filing date was exactly a month after Giacomini filed his application, but the Tran patent claimed priority from a provisional application that antedated Giacomini's filing date. *Id.* As relevant here, we found that "[b]ecause Giacomini never argued before the Board that the Tran provisional failed to provide written description support for the claimed subject matter in accordance with section 119(e),

Giacomini waived the argument by failing to raise it below." *Id.* at 1383 (citation omitted). We ultimately concluded that the Tran patent had the same "patent-defeating effect" as though it was filed on the date of the Tran provisional. *Id.* at 1385. Because Giacomini waived the argument that the Tran provisional application did not support the Tran patent, we did not reach the question whether the Tran patent was presumptively entitled to the benefit of the filing date of its provisional application.

Thus, the Board did not err in concluding that, in view of National Graphics' evidence of the actual reduction to practice of the invention of the '196 patent, Dynamic had the further burden to prove that Raymond was entitled to claim the benefit of the filing date of its provisional application.

## II

Asserting that it carried that burden, Dynamic argues that it provided sufficient evidence to prove that the Raymond provisional application provided written description support for the claims of the Raymond prior art patent. Dynamic contends that, as part of its petition, it compared the claims of the '196 patent to the disclosure in the Raymond patent. According to Dynamic, it then provided a claim chart in its reply brief to the Board establishing anticipation of claim 1 of the '196 patent by the Raymond provisional application. Dynamic argues that the combination of the two charts demonstrates that the Raymond provisional application provides written description support for the claims of the Raymond patent.

National Graphics responds that Dynamic only made a conclusory assertion in its petition that Raymond was entitled to an earlier effective date, and the argument is therefore waived. National Graphics also argues that, even absent a determination of waiver, the Board's decision is supported by substantial evidence because Dynam-

ic never compared the claims of the Raymond patent to the disclosure in the provisional application.

First, we find that Dynamic did not waive its argument that Raymond was entitled to an earlier effective date. As discussed *supra*, Dynamic did not have the burden of producing evidence relating to the Raymond provisional application until after National Graphics made its argument regarding reduction to practice. As a result, it was not necessary for Dynamic to prove in its petition that Raymond was entitled to the filing date of its provisional application. Thus, there was no waiver.

We ultimately agree with National Graphics, however, that the Board's decision was supported by substantial evidence because Dynamic failed to compare *the claims* of the Raymond patent to the disclosure in the Raymond provisional application. A reference patent is only entitled to claim the benefit of the filing date of its provisional application if the disclosure of the provisional application provides support for the claims in the reference patent in compliance with § 112, ¶ 1. *In re Wertheim*, 646 F.2d 527, 537 (CCPA 1981).[2] As Dynamic acknowledges, it provided charts to the Board comparing the claims of the '196 patent to the disclosure of the Raymond patent and claim 1 of the '196 patent to the disclosure of the Raymond provisional application. *See, e.g.*, Appellant's Br. at 22. Nowhere, however, does Dynamic demonstrate support in the Raymond provisional application for *the claims of the Raymond patent*. That was Dynamic's burden. A provisional application's effectiveness as prior art depends on its written description support for the claims of the issued patent of which it was a provisional. Dynamic did not make that showing.

---

[2]    Because we refer to the pre-AIA version of § 102, we do not interpret here the AIA's impact on *Wertheim* in newly designated § 102(d).

We thus conclude that the Board's finding that Dynamic failed to prove that the Raymond patent was entitled to the filing date of its provisional application is supported by substantial evidence. We have considered Dynamic's remaining arguments and find them unpersuasive.

### CONCLUSION

Because the Board properly concluded that Dynamic failed to demonstrate by a preponderance of the evidence that claims 1 and 12 of the '196 patent are anticipated by Raymond under § 102(e), we affirm.

**AFFIRMED**