NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**ESSITY PROFESSIONAL HYGIENE NORTH AMERICA LLC,**
*Appellant*

**v.**

**CASCADES CANADA ULC,**
*Appellee*

---

2019-1742

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2017-02198.

---

Decided:  May 8, 2020

---

MARTIN JAY BLACK, Dechert LLP, Philadelphia, PA, for appellant.  Also represented by KEVIN M. FLANNERY; MITCHELL EPNER, STEPHEN S. RABINOWITZ, New York, NY.

RUDOLPH A. TELSCHER, JR., Husch Blackwell LLP, St. Louis, MO, for appellee.  Also represented by MICHAEL R. ANNIS, KARA RENEE FUSSNER, DAISY MANNING.

---

Before PROST, *Chief Judge*, MAYER and DYK, *Circuit Judges.*

PROST, *Chief Judge*.

Essity Professional Hygiene North America LLC appeals a final written decision in an inter partes review from the Patent Trial and Appeal Board. The Board held that petitioner Cascades Canada ULC had met its burden to show that the claims of U.S. Patent No. 8,273,443 ("the '443 patent") are rendered obvious by the prior art of record. On appeal, Essity argues that the Board erred in finding claims 2, 7, and 11 of the '443 patent obvious by placing the burden on it to negate a motivation to combine and by failing to consider objective evidence of nonobviousness. For the below-described reasons, we affirm.

I

A

The '443 patent is directed to a "stack of interfolded absorbent sheet products," otherwise known as "napkins." '443 patent Abstract. The only claims on appeal are dependent claims 2, 7, and 11. Each of these claims recite a single limitation, requiring that "each napkin within [a] stack is oriented oppositely from each preceding and succeeding napkin within said stack." *See, e.g., id.* at claim 2.

The interleaving of napkins with opposite orientation is shown by Figure 2(b).  *See id.* at col. 4 ll. 50–55.



Fig 2(b)

Appellant's Br. 4 (annotating '443 patent Fig 2(b) to show one napkin in green and the succeeding napkin in yellow oppositely oriented).

## B

Cascades petitioned for review of claims 1–15 of the '443 patent.  Following the Supreme Court's decision in *SAS Institute Inc. v. Iancu*, 138 S. Ct. 1348 (2018), the Board instituted review on all grounds.  In its final written decision, the Board determined that Cascades had met its burden of proving that all challenged claims are unpatentable as obvious over the prior art of record.  *Cascades Can. ULC v. Essity Prof'l Hygiene N.A. LLC*, No. IPR2017-02198, Paper 40 (PTAB Feb. 25, 2019) ("*Board Decision*").

With respect to claims 2, 7, and 11, the Board determined that Cascades had met its burden to prove the

4    ESSITY PROFESSIONAL HYGIENE v. CASCADES CANADA ULC

claims are obvious based on the combination of Teall[1] in view of Heath[2] or ASTM-D4560,[3] and Wheeler.[4] Relevant to this appeal, the Board found that Teall does not teach oppositely oriented interleaving but that such interleaving was taught by Wheeler. *See Board Decision* at 27–30, 40–41. More particularly, the Board found that Wheeler demonstrates that there are only two possible orientations for interleaving napkins, i.e., same or opposite orientation. *Id.* at 30. After reviewing the parties' evidence, the Board concluded that based on the knowledge in the art, Cascades had "persuasively demonstrate[d] that oppositely orienting the napkins of Teall would have provided a known, predictable result." *Id.*; *see also id.* at 28 (citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 416 (2007)). Accordingly, the Board concluded that Cascades had met its burden of proving that claims 2, 7, and 11, are rendered obvious by the cited prior art. *See id.* at 30, 40–41.

Essity timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

II

Obviousness is a question of law based on underlying facts. *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). The presence or absence of a motivation to combine references in an obviousness determination is a question of fact. *Id.* We review the Board's factual findings for substantial

---

[1]    U.S. Patent No. 1,290,801, issued Jan. 7, 1919 (J.A. 549–555).

[2]    U.S. Patent No. 6,699,360 B2, issued Mar. 2, 2004 (J.A. 575–635).

[3]    ASTM-D4560, Standard Specification for Paper Napkins for Industrial and Institutional Use, *Am. Soc. for Testing & Materials* (Dec. 1992) (J.A. 570–72).

[4]    U.S. Patent No. 1,430,709, issued Oct. 3, 1922 (J.A. 142–45).

evidence and the Board's legal conclusions de novo. *IPCom GmbH & Co. v. HTC Corp.*, 861 F.3d 1362, 1369 (Fed. Cir. 2017). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

On appeal, Essity does not dispute that each of the limitations in claims 2, 7, and 11 are disclosed by the prior art. *See* Appellant's Br. 7–9. Rather, Essity argues that the Board's obviousness determination must be reversed because the Board erroneously shifted the burden to Essity, requiring it to disprove a motivation to combine the prior art, and because the Board failed to consider objective evidence of nonobviousness. We find Essity's arguments unpersuasive and, for the reasons described below, affirm the Board's decision.

A

Essity first argues that the Board erred in its obviousness analysis by shifting the burden to Essity to disprove a motivation to combine the cited prior art. Appellant's Br. 19 (citing 35 U.S.C. § 316(e) and *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1378 (Fed. Cir. 2015)). Though we agree that the burden of proving unpatentability lies with the petitioner in an inter partes review proceeding, *see* 35 U.S.C. § 316(e), we do not find the Board improperly shifted the burden in this case.

In conducting its obviousness analysis of claims 2, 7, and 11, the Board correctly kept the burden of proving unpatentability on Cascades and reasonably found that Cascades had met that burden. The Board found that Cascades presented evidence showing it would have been obvious to a person of ordinary skill in the art to form a stack of napkins by interleaving napkins in either the same or opposite orientation. *Board Decision* at 28–29. And the Board correctly considered the Supreme Court's guidance in *KSR* that "[t]he combination of familiar elements

according to known methods is likely to be obvious when it does no more than yield predictable results. *Id.* at 28 (citing *KSR*, 550 U.S. at 416). After reviewing the arguments and evidence presented by both parties, the Board determined that Cascades had persuasively shown that the combination of Teall and Wheeler would have "provided a known, predictable result" and therefore concluded that Cascades had met its burden of proving unpatentablility. *Id.* at 30.

We reject Essity's suggestion that the Board's statements refuting Essity's evidence amount to shifting the burden to Essity to disprove a motivation to combine. *See* Appellant's Br. 17–19. It was proper for the Board to identify the failures in Essity's arguments. *See Ignite USA, LLC v. CamelBak Prods., LLC*, 709 F. App'x 1010, 1016 (Fed. Cir. 2017) ("[E]xplaining why a party's arguments are not persuasive does not constitute improper burden shifting."). To be sure, the Board is required to provide a reasoned basis for its decision in order to permit this court to exercise our duty to review the Board's decision. *See SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943); *In re Nuvasive, Inc.*, 842 F.3d 1376, 1382 (Fed. Cir. 2016).

Accordingly, we affirm the Board's conclusion that Cascades met its burden of proving claims 2, 7, and 11 are obvious over the cited prior art.

B

Essity next argues that the Board erred by failing to consider objective evidence of nonobviousness. Specifically, Essity argues that the Board failed to account for the fact that both Teall and Wheeler have been available in the prior art for almost a century. Essity asserts that the Board erroneously "ignored the age of the references" and "used age as a motivation to combine." Appellant's Br. 28. We disagree.

Notwithstanding the contradiction between Essity's position that the Board both ignored and relied on the age of the references, we find the Board reasonably considered the arguments and evidence presented. As an initial matter, it is not clear from the record that Essity plainly advanced to the Board the same arguments based on objective evidence of nonobviousness that Essity now argues the Board ignored. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009) ("If a party fails to raise an argument before the trial court, or presents only a skeletal or undeveloped argument to the trial court, we may deem that argument waived on appeal."). But even assuming Essity's argument was appropriately preserved, the age of the Teall and Wheeler is insufficient to prove the challenged claims are not obvious. *See, e.g., In re Ethicon, Inc.*, 844 F.3d 1344, 1352 (Fed. Cir. 2017) ("The mere age of the references is not persuasive of the unobviousness of the combination of their teachings, absent evidence that, notwithstanding knowledge of the references, the art tried and failed to solve the problem." (internal citation omitted)).

Essity admits that the age of the references alone does "not suffice to show nonobviousness," but argues that "in the proper context," the age constitutes objective evidence of nonobviousness. Appellant's Br. 25. Essity, however, fails to identify any evidence purporting to show that this is such a context. The record instead shows that the Board accounted for the age of the references and found that in this case, the age showed that that "orienting napkins oppositely in a stack has been known for 100 years," not that the claimed invention is nonobvious. *Board Decision* at 27–28.

Accordingly, based on the record in this case, we find no error in the Board's obviousness analysis.

## III

We have considered each of Essity's arguments and find them unpersuasive. We therefore affirm the Board's decision that Cascades met its burden of proving that claims 2, 7, and 11 of the '443 patent are unpatentable as obvious over the prior art of record.

**AFFIRMED**